IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FREDERICK SELLERS,**
   **Plaintiff,**

**v.**               **CIVIL ACTION NO. 3:15-CV-121**
                  **(GROH)**

**ST. JOSEPH HOSPITAL, and**
**SALVATOR LANSAN, MD,**
   **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff is a federal inmate presently confined at Federal Correctional Institution, Fort Dix ("FCI Fort Dix") in Fort Dix, New Jersey, serving a 188-month sentence imposed on April 4, 2011, in the United States District Court for the District of New Jersey, following his conviction for violation of 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine.  Petitioner was previously confined at FCI Gilmer in Glenville, West Virginia.  It was during his confinement at FCI Gilmer that the events occurred which led to this civil action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

  Pursuant to Plaintiff's complaint, while he was incarcerated at FCI Gilmer, he was transported to St. Joseph's Hospital, an outside facility, where he: (1) was evaluated by

an independent doctor, Dr. Salvator Lansan[1], MD; (2) was diagnosed independently with a hernia; (3) signed an informed consent to undergo surgery to repair hernias; and (4) had an umbilical hernia repaired during surgery performed by Dr. Lansan.  2:15-CV-79, ECF No. 41 at 5[2].

Plaintiff, acting *pro se*, seeks 12 million dollars ($12,000,000.00) from the defendants in this case for damages resulting from their negligence related to an "ill-advised hernia operation."  ECF No. 1 at 7.  On the same day he filed his <u>Bivens</u> complaint, Plaintiff also filed a motion to proceed *in forma pauperis* and consent to collection of fees from his trust account.  ECF Nos. 2, 3.  On November 4, 2015, Plaintiff was granted leave to proceed without prepayment of fees.  ECF No. 6.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review.  For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

## II.     Factual and Procedural History

### A.     Plaintiff's Federal Tort Claim

On May 27, 2015, Plaintiff filed an administrative tort claim (Standard Form Claim for Damage, Injury or Death "SF-95") with the Federal Bureau of Prisons ("BOP") alleging negligence on the part of FCI Gilmer staff for sending him to an outside hospital for what he claimed was an unnecessary hernia repair.  Following an investigation, the BOP denied Plaintiff's claim by letter dated August 26, 2015.

---

[1]  Plaintiff alternately spells the name of the defendant physician as "Salvator Lansan" and "Salvator Lansana" throughout.  A review of the website of St. Joseph's Hospital shows that a general surgeon named "Salvatore LaNasa" is listed as an employee of that institution.  The Court uses Plaintiff's initial spelling of the defendant physician's name, "Salvator Lansan," herein.

[2]  ECF Numbers cited herein refer to case number 3:15-CV-121 unless otherwise noted.

On October 27, 2015, the same date Plaintiff filed this civil action, he filed a separate civil action pursuant to the Federal Tort Claims Act ("FTCA") in 2:15-CV-79, ECF No. 1.  On November 10, 2015, the Court entered an Order which notified Plaintiff that judgment under the FTCA action would, pursuant to 28 U.S.C. §§ 2674, 2676 constitute "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim."  2:15-CV-79, ECF No. 10.

The Government filed a motion to dismiss or in the alternative motion for summary judgment and memorandum in support thereof on May 17, 2016.  2:15-CV-79, ECF Nos. 28, 29.  The Court issued a Roseboro notice on May 18, 2016.  2:15-CV-79, ECF No. 30.  Plaintiff filed a response to the motion to dismiss on June 7, 2016.  2:15-CV-79, ECF No. 34.  On February 16, 2017, the district court entered an order which adopted the Magistrate Judge's report and recommendation, granted the Government's motion to dismiss or for summary judgment, and dismissed the FTCA claim with prejudice.  2:15-CV-79, ECF No. 41.  Subsequently, Plaintiff filed a notice of intent to appeal.  2:15-CV-79, ECF No. 44.  On March 13, 2017, the United States Court of Appeals for the Fourth Circuit entered an order, in that court's docket number 17-6248, which permits Plaintiff to proceed without prepayment of fees.  2:15-CV-79, ECF No. 48.

On June 23, 2017, the Fourth Circuit affirmed the dismissal of the Plaintiff's unnecessary surgery claim, but remanded the matter to the District Court with directions to dismiss the claim without prejudice based on the lack of subject matter jurisdiction.  2:15-CV-79, ECF No. 49.  On June 26, 2017, the District Court entered an order which explains that, "[p]ursuant to the Fourth Circuit's instructions, the plaintiff's unnecessary

surgery claim is hereby dismissed without prejudice, and the Clerk's Judgment is hereby amended to reflect the same." 2:15-CV-79, ECF No. 51, emphasis and internal citations omitted.

### B.   Plaintiff's Bivens Action

In his initial complaint filed herein on October 27, 2015, Plaintiff named four defendants: (1) St. Joseph Hospital; (2) Salvator Lansan, MD; (3) Ruthie Carson, PA; and (4) the United States of America. ECF No. 1. However, in his amended complaint filed on March 16, 2016, Plaintiff named only two defendants: (1) St. Joseph Hospital; and (2) Dr. Salvator Lansan, MD. ECF No. 18. Plaintiff seeks six million dollars from each defendant, claiming gross negligence and medical malpractice. Id. at 4, 9.

### III.  Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by

statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of actions for damages caused by federal agents. However, the Court has declined to extend that liability to persons or entities which are not federal agents. In FDIC v. Meyer, 510 U.S. 471 (1994), the Court held that federal agencies may not be held liable in a Bivens claim. In Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001), the Supreme Court refused to make individual private entities or employees of those private entities, liable for damages sought in a Bivens action. In Minneci v. Pollard, 565 U.S. 118 (2012), the Supreme Court extended its holding in Malesko, ruling that a prisoner could not assert an Eighth Amendment Bivens claim against the employees of the private prison company which incarcerated him.

The Fourth Circuit has also held that private parties are not liable for claims filed pursuant to Bivens. Holly v. Scott, 434 F.3d 287, 294 (2006). In O'Neil v. Anderson, 372 Fed. Appx. 400 (2010), the Fourth Circuit held that an inmate may not seek damages in a Bivens action from a physician contracted to treat the inmate.

5

### IV. Analysis

A review of the amended complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. The parties named by Plaintiff in his amended complaint are not government agents, but independent contractors who provided medical services to Plaintiff. The facts presented here are similar to the facts in O'Neil, supra. O'Neil, while incarcerated at FCI Beckley, was treated by a physician contracted to treat him. 372 Fed. Appx. at 401. The Fourth Circuit found that the physician, an individual private actor, was properly dismissed from the action. Id. at 404. In this Bivens action, Plaintiff has named as defendants the independent hospital where he was treated and the individual private actor physician who treated him. Neither of these defendants are federal agents. No authority exists to support a Bivens action against such defendants. As such, Plaintiff's complaint should be dismissed.

However, even if the defendants were determined to be federal agents, dismissal is appropriate. As previously noted, Plaintiff simultaneously presented two claims for relief. The first claim, filed under the FTCA, was dismissed with prejudice following an order notifying Plaintiff of the potential consequences of pursuing a Federal Tort Claim[3]. 2:15-CV-79, ECF No. 41. Pursuant to 28 U.S.C. § 2676, "[t]he judgment in an action

---

[3] As noted infra, on June 23, 2017, the Fourth Circuit affirmed the District Court's dismissal of Plaintiff's FTCA claim, but remanded the matter to the District Court with instructions to dismiss Plaintiff's claim without prejudice due to a lack of subject matter jurisdiction. In its opinion, the Court cited to S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citations omitted), which holds, "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."

under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The instant case, filed as a Bivens action, is based on the same facts as the simultaneously filed FTCA claim, and thus this Bivens action is barred, pursuant to 28 U.S.C. §§ 2674, 2676, following the disposition of Plaintiff's FTCA suit in 2:15-CV-79.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a claim upon which relief can be granted and the prior disposition of Plaintiff's claim under the Federal Tort Claim Act, which disposition constituted a complete bar to this action.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir.

1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  June 28, 2017

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDG